Bellingall v. Duncan et al.

PETER W. BELLINGALL, appellant, v. HANNAH DUNCAN et al., appellees.

*Appeal from Jo Daviess.*

A party prayed for a change of venue out of the Circuit, and a change was ordered on the conditions that he should pay the costs attending the same, and cause the papers and a transcript of the record to be filed in the Circuit Court of the county to which the change of venue was ordered, within fifteen days before the first day of the next term thereof. He neglected to comply with the terms, and on affidavit thereof by the opposite party, the cause was ordered to be reinstated upon the docket of the Court, and the cause then proceeded to trial and judgment: *Held*, that the Court had no authority to impose on the party the performance of those acts, as conditions precedent to the change of venue; that the change was consummated by the order of the Court, and that the party was at full liberty to disregard the conditions; that it is the duty of the clerk, exclusively, to issue a fee bill for the costs of the change of venue against the petitioner to be collected in the ordinary mode, and to certify and transmit the papers and record to the Court to which the cause is sent.

EJECTMENT in the Jo Daviess Circuit Court, originally brought by Samuel C. Duncan against the plaintiff in error. During the progress of the cause, the death of the said Duncan was suggested, and his widow and heirs, now the defendants in error, were made parties to the suit.

Bellingall, at the March term 1845, prayed for a change of venue out of the Circuit, alleging that the presiding Judge, the Hon. Thomas C. Browne, was prejudiced against him. The petition was granted on terms, which, with the other proceedings in the cause, are stated in the Opinion of the Court.

*J. Churchman,* and *I. P. Stevens,* for the appellant.

*J. B. Thomas,* for the appellees.

The judgment should not be reversed by reason of any of the proceedings consequent upon the defendant's application for a change of venue, because

1. The petition and affidavit, not being set out in the bill of exceptions, are not before the Court, and cannot be looked into. *Kimmel* v. *Shultz,* Bre. 129; *Vanlandingham* v. *Fellows,* 1 Scam. 234; *Troy* v. *Reilley,* 3 do. 260; *Cummings* v. *McKinney,* 4 do. 60; *Huff* v. *Gilbert,* 4 Blackf. 20; *Byrd* v. *The State,* 1 Howard's (Miss.) R. 167; *Berry* v. *Hale,* Ibid. 317; *Carmichael* v. *Browdie's Adm'r,* 4 do. 432; *Grant* v. *The Planters' Bank,* Ibid. 327.

2. It does not appear from the record that defendant was entitled to a change of venue, and therefore this Court cannot say that there was error in vacating the order allowing it. *Grant* v. *The Planters' Bank,* 4 Howard's (Miss.) R. 327.

3. The Court may in its discretion legally and properly refuse to allow a change of venue for want of reasonable notice; *a fortiori,* it may in its discretion vacate an order allowing a change of venue, when, as in this case, the party obtaining it unreasonably delays paying costs, when required to do so, &c, *Berry* v. *Wilkinson,* 1 Scam. 164; *Shepherd* v. *Scroggin,* 3 Dana, 62; *The State* v. *Brookshire,* 2 Ala. 303.

4. The Court had the discretionary power to require payment of costs as a prerequisite to the transmission of the papers, for the security of the officers of the Court. Gale's Stat. 683, § 5.

5. The conditions of the order were not excepted to,

and are, therefore, presumed to have been acceptable to the defendant.

6. The defendant did not, after the vacation of the order changing the venue, object to going into trial in Jo Daviess county; he is, therefore, presumed to have waived his right, if he had any, to insist upon the change of venue. *Deering* v. *Halbert,* 2 Littell, 292; 2 Pirtle's Dig. 231; *Prussell* v. *Knowles,* 4 Howard's (Miss.) R. 92, 93. Objections to setting aside an order of reference, the other party being in Court and not objecting, are considered as waived. 2 Pirtle's Dig. 216, 217.

7. The defendant did not take any proper or legal exceptions to the order of the Court, vacating the previous order for change of venue. *Lyon* v. *Evans,* 1 Arkansas, 360, 361; 2 Tidd's Pr. 862, 863; *Swearingen* v. *Newman,* 4 Missouri, 456; *Shelton* v. *Ford,* 7 do. 209; Gale's Stat. 533, § 19.

8. The defendant was not prejudiced by going into trial in Jo Daviess county, upon the order of the Court, as he made no defence to the merits, and if the venue had been changed, the result would have been elsewhere the same.

9. If the judgment were reversed and the cause remanded, the result would be the same, and both parties would be necessarily prejudiced by a reversal. *Elliston* v. *The Bank of the Commonwealth,* 3 Dana, 99.

*S. T. Logan* concluded the argument on the part of the appellant.

[Numerous other points arising under the assignment of errors were made by the counsel for the parties, and ably argued; but they were not considered by the Court, and are, therefore, omitted here. *Rep.*]

The Opinion of the Court was delivered by

TREAT, J. This was an action of *ejectment* commenced in the Jo Daviess Circuit Court, by Samuel C. Duncan against Peter W. Bellingall, to recover the possession of lot number thirty six in the city of Galena. After issue

joined, the death of Duncan was suggested, and the suit was revived in the names of his widow and heirs. A trial was then had, which resulted in a verdict and judgment in favor of the plaintiffs. At the next term, Bellingall having paid the costs, the Court on his motion vacated the judgment and awarded a new trial. At the succeeding term, Bellingall presented a petition, alleging that the Judge was prejudiced against him, and praying for a change of venue to some other Circuit. The Court ordered the venue to be changed to the county of Ogle, on the condition that the defendant should pay the costs attending the change of venue; and should cause the papers and a transcript of the record to be filed in the Circuit Court of Ogle county, at least fifteen days before the first day of the next term thereof. At the next term, on the motion of the plaintiffs founded on affidavits shewing the non-payment of the costs, and the failure to transmit the papers to the Ogle Circuit Court, the Court ordered the cause to be reinstated on the docket of the Jo Daviess Circuit Court for trial, to which decision the defendant excepted. The cause thereupon proceeded to a second trial, with the same result as in the first. The defendant tendered a bill of exceptions and prosecuted an appeal to this Court.

Numerous errors have been assigned, one only of which will be considered. That relates to the decision of the Court, in reinstating the cause on the docket after the change of venue was ordered. The statute, respecting the change of venue, requires the clerk to certify and transmit the papers and record to the Court to which the cause is sent. It further provides, that the expenses attending a change of venue in civil cases, shall be taxed against the petitioner; and if he neglect or refuse to pay them within fifteen days after the change of venue is awarded, the clerk is authorized to issue a fee bill against him for their collection. R. L. 606; Rev. Stat. 527. By virtue of these provisions, the clerk is to transmit the papers, and not the petitioner. The expenses are to be taxed against him, and if not voluntarily paid, are to be collected as other costs.

The Court had no authority to impose on the defendant the performance of these acts as conditions precedent to the change of venue. The change of venue was fully consummated by the order of the Court. The terms and conditions it annexed were unwarranted and void, and the defendant was at full liberty to disregard them. The Circuit Court erred, therefore, in reinstating the cause on the docket, and consequently all of the subsequent proceedings were unauthorized and irregular, and must be reversed.

Other questions of importance have been discussed with great ability, but from the confused and unsatisfactory manner in which they are presented by the record, we refrain wholly from considering them.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded to the Jo Daviess Circuit Court with instructions, to cause the record and papers of the case to be certified and transmitted to the Ogle Circuit Court.

*Judgment reversed.*